Ruffin, C. J.
The evidence is not sufficient to authorize a decree for the plaintiff, in opposition to the answer, which peremtorily denies the execution of any such bond, or the existence of any debt whatever. Without stopping to consider, whether any proof of the loss of the bond is .necessary upon the hearing, and admitting some to be requisite, it seems pretty certain, that very slight.evidence answers on that point; and we should be satisfied with that before us, supposing it, however, to be first admitted or established, that the bond once actually subsisted, which it is alleged has been lost. Upon that question there is nothing in the nature of the jurisdiction of a Court of Equity, when the answer denies that there was a bond, to dispense with the degree of proof, which a Court of law would call for, to be laid before a jury on non est factum pleaded to a declaration on a lost bond. As the declaration would have to aver the sealing of the ■obligation, and identify it by its date, day of payment, .and the sum mentioned in it, so the proof would have to come up to that description. Upon evidence so vague as not to fix any date, day of payment, or certain sum mentioned in it, and leaving it doubtful whether the instrument was a bond or note, a verdict could not be expected for the plaintiff on such declaration. Much less can a decree here, since the defendant’s answer is by the rules of equity evidence for him. Here no date or day of payment is specified by either witness; One of them is *384 unable to mention any sum, as acknowledged or claimed ; and both call the instrument a note, instead of a bond. The plaintiff’s son says, indeed, that the defendant admitted the amount to be “ about sixty dollars.” That is the only evidence to the fact. It is possible, perhaps probable, that the plaintiff had the defendant’s note for that amount, and we rather believe, that he had a bond or note for some amount; but the Court cannot declare that to be the fact in a decree, upon so vague a statement from one witness, in opposition to the positive oath of the defendant, especially when the bill states that another person executed the instrument as a surety, and the plaintiff has not called for an answer from that person by making him a defendant, nor attempted to examine him as a witness. Under such circumstances the Court is obliged to declare, that the plaintiff has not established, that the defendant executed to him a bond for the sum of $60, payable in December 1S36, as alleged by him; and therefore his bill must be dismissed. But the Court does not deem it a proper case for costs.
Per Curiam.
Bill dismissed.